# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

CHIZVETA L. STEPHENSON                                                                      PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:10CV-251-H

METRO CORRECTIONS *et al.*                                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Chizveta L. Stephenson filed a *pro se* complaint proceeding *in forma pauperis*. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the action.

## I. SUMMARY OF CLAIMS

Plaintiff used a court-supplied general complaint form to initiate this lawsuit. In the case caption, Plaintiff lists as Defendants Metro Corrections and "Counselour there." In the section of the complaint form requesting Plaintiff to list the names and addresses of Defendants, he lists Metro Corrections, as well as "a officer Pates, Easton, Sanders, Shipley Sargents Warden of Dorm Seven Pschye Dorm Physically viewing and Emotionally touching." In the section requesting Plaintiff to state the grounds for filing his case in federal court, he writes, "In Metro complications with medical and pschicatric Dorm with Staff." Where the form requests Plaintiff to write a statement of the claim, Plaintiff states:

> Involved how they would talk in involved way to stop medical in come in cell harming self by pulling out sides & front of skull where hair was this is for Pates I am entilted to fair view in Court said didnt take myself because didnt get up not a rule or involvemen to public defender lawyer handling case was a bad attorney to rep. me anyway.

Finally, in Plaintiff's prayer for relief, he states, "I want the courts to stop telling me their concerns; I never, as they said work for Metropolitan again; Stop asking me for a piece of talk to help inmates; and I want them to help pay because of attiudes to pay me."

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court has carefully reviewed Plaintiff's complaint and concludes that it must be dismissed. First, Louisville Metro Corrections is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under

§ 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). Therefore, Plaintiff's claim against Metro Corrections must be dismissed pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Secondly, other than a reference to Defendant Pates, the complaint makes no reference to any of the listed Defendants. It states no facts regarding personal involvement by any of these Defendants. While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Because Plaintiff has not alleged any facts involving any of the Defendants other than Pates, the complaint fails to state any claims for relief against them, and the claims against these Defendants will be dismissed.

Finally, Plaintiff's claim against Defendant Pates also fails. In Plaintiff's statement of the claim, he makes reference to Pates, stating "this is for Pates." Plaintiff states no cause of action against Pates, and it is unclear what facts Plaintiff alleges against him. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz*, 534 U.S. at 512 (citation omitted); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (explaining that a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory") (citations and internal quotation marks

3

omitted)). The Court concludes that Plaintiff's complaint wholly fails to give Defendant Pates fair notice of the claim(s) against him and must be dismissed for failure to state a claim.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4412.010